## N. Y. COMMON PLEAS.

JOHN TAYLOR and ELIZA TAYLOR agt. THE CHARTER OAK
LIFE INSURANCE COMPANY.

*Insurance — Rights of policyholder.*

The holder of a lapsed policy cannot sustain action against a company.

Mere suspicion of insolvency and abuse will not justify a policyholder in lapsing his policy.

There is no trust relation between the policyholder of the mutual company and the company.

An action in equity will not lie on such a theory.

It is questionable whether a suit to wind up a foreign company, or to interfere with its affairs, can be maintained in this State.

THIS was a suit heard on demurrer to complaint. The suit was against the defendant, a mutual life insurance company. The suit was brought to declare the defendant trustee of the premiums paid, and of the other assets, and declaring that the defendant is trustee for all persons holding policies in the corporation defendant; an account of all the doings of the defendant between the years 1865 and 1877; to obtain a declaration of the court that the "trusts be declared broken and terminated," and repayment to the plaintiffs of premiums paid and the earnings on the said policy. The suit was brought on behalf of plaintiffs, and all others similarly situated.

The policy lapsed in June, 1877. The plaintiffs sought to excuse this lapse by saying that, in the month of June, 1877, they were informed of wrongful acts mentioned in the latter part of the complaint, by the defendant, and that the plaintiffs thereupon refused to pay their premiums

The acts objected to were certain investments of the defendant. The defendant is a Connecticut corporation.

*W. J. Butler*, for plaintiffs.

*Charles B. Alexander* and *A. J. Vanderpoel*, for defendant.

BEACH, *J.* — I have serious doubt as to the jurisdiction of this court to entertain this action against the defendant, a foreign corporation.

The admitted fact that the policy had lapsed by the non-payment of premium before the commencement of this suit, disposes of the plaintiff's claimed right of action for the recovery of premiums paid.

There was no trust between the parties by virtue of the policy, and the relief demanded, based upon the existence of that relationship, cannot, therefore, be obtained.

Judgment for the defendant on demurrer, with costs.